NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**
*Appellant*

**v.**

**PNC BANK N.A.,**
*Appellee*

---

2023-2124, 2023-2125

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-01070, IPR2021-01073.

---

Decided:  February 3, 2025

---

WILLIAM M. JAY, Goodwin Procter LLP, Washington, DC, argued for appellant.  Also represented by ROHINIYURIE TASHIMA; LISA GLASSER, STEPHEN PAYNE, ANTHONY ROWLES, Irell & Manella LLP, Newport Beach, CA; JASON SHEASBY, Los Angeles, CA.

GREGORY H. LANTIER, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, argued for appellee.  Also represented by DAVID LANGDON CAVANAUGH, RONALD

2  UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

GREGORY ISRAELSEN; ANDREW J. DANFORD, MARK CHRISTOPHER FLEMING, MONICA GREWAL, Boston, MA.

————————————

Before DYK, PROST, and CUNNINGHAM, *Circuit Judges.*

PROST, *Circuit Judge.*

United Services Automobile Association ("USAA") appeals two final written decisions of the Patent Trial and Appeal Board ("Board") in inter partes reviews ("IPR") determining claims 1–6, 9, 10, 12, and 13 of U.S. Patent No. 8,977,571 ("the '571 patent") and claims 1, 2, 7–10, and 15–17 of U.S. Patent No. 8,699,779 ("the '779 patent") are unpatentable. For the following reasons, we affirm.

BACKGROUND

PNC Bank, N.A. ("PNC") petitioned for IPR of claims 1–6, 9, 10, 12, and 13 of the '571 patent. *PNC Bank, N.A. v. United Servs. Auto. Ass'n*, No. IPR2021-01073, 2023 WL 317521 (P.T.A.B. Jan. 19, 2023) ("*IPR2021-01073*"). The '571 patent describes a system and method for monitoring a check image for mobile deposit such that "[w]hen the image of the check in the field of view passes monitoring criteria, an image may be taken by the camera and provided from the mobile device to a financial institution." '571 patent col. 1 ll. 43–46. In its final written decision, the Board determined that all challenged claims of the '571 patent are unpatentable as obvious over four prior art references. *IPR2021-01073*, 2023 WL 317521, at *36–37.

PNC also petitioned for IPR of claims 1, 2, 7–10, and 15–17 of the '779 patent. *PNC Bank, N.A. v. United Servs. Auto. Ass'n*, No. IPR2021-01070, 2023 WL 316806 (P.T.A.B. Jan. 19, 2023) ("*IPR2021-01070*"). The '779 patent describes a system and method for the alignment of a check during mobile deposit, which includes the use of "[a]n alignment guide . . . in the field of view of a camera associated with a mobile device used to capture an image of a

check." '779 patent col. 1 ll. 40–42. "When the image of the check is within the alignment guide in the field of view, an image may be taken by the camera and provided from the mobile device to a financial institution." *Id.* at col. 1 ll. 42–45. In its final written decision, the Board determined that all challenged claims of the '779 patent are unpatentable as obvious over prior art references Acharya[1] and Luo.[2] *IPR2021-01070*, 2023 WL 316806, at *24.

USAA timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

USAA makes two principal arguments on appeal: (1) the Board erred by issuing conflicting IPR decisions without providing a rational explanation, and (2) a skilled artisan would not have been motivated to combine Acharya and Luo.[3] We reject both arguments.

"We review the Board's factual findings for substantial evidence and its legal conclusions without deference." *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1381 (Fed. Cir. 2015) (cleaned up). "[T]he subsidiary obviousness questions of whether a skilled artisan would be motivated to combine prior art references and whether a skilled artisan had a reasonable expectation of success in

---

[1]   U.S. Patent No. 8,768,836 ("Acharya"), J.A. 1738–52.

[2]   Chinese Patent App. Pub. No. CN 1897644A ("Luo"), J.A. 1753–84.

[3]   USAA's arguments apply to both the '571 patent and the '779 patent. The relevant sections of the IPRs are almost identical. *Compare IPR2021-01073*, 2023 WL 317521, at *12–24 *with IPR2021-01070*, 2023 WL 316806, at *10–22. While we discuss and cite to the '571 patent and the corresponding IPR, the analysis applies equally with respect to the '779 patent and associated IPR.

4  UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

making such a combination are factual, and we review them for substantial evidence." *Schwendimann v. Neenah, Inc.*, 82 F.4th 1371, 1380 (Fed. Cir. 2023).

I

We first address USAA's argument that the Board erred in issuing inconsistent IPR decisions without rational explanation. USAA contends that a prior-art combination in a different IPR proceeding ("Wells Fargo IPR")[4] "was in substance the same as PNC's: a reference disclosing mobile remote check deposit with manual capture . . . and a reference disclosing either manual or automatic capture of the image of a business card when it satisfied an alignment guide." Appellant's Br. 33. Because the Wells Fargo IPR panel found that a skilled artisan would not have been motivated to combine the prior art presented, USAA argues that the Board should have found likewise here, that a skilled artisan would not have been motivated to combine the "functionally identical prior art" Acharya and Luo. USAA also relies heavily on *Vicor* to argue that the Board erred in reaching its inconsistent decisions without providing a rational explanation. *See Vicor Corp. v. SynQor, Inc.*, 869 F.3d 1309, 1323 (Fed. Cir. 2017) ("Because the Board did not provide any reasoned explanation for the inconsistent result across the two reexaminations, we *vacate* and *remand* the Board's decision.").

---

[4]    We refer to Wells Fargo's IPR challenging the '571 patent as the "Wells Fargo IPR." *Wells Fargo Bank, N.A. v. United Servs. Auto. Ass'n*, No. IPR2019-01082, 2019 WL 6826497 (P.T.A.B. Dec. 13, 2019). Wells Fargo also brought an IPR, involving similar arguments, against the '779 patent. *See Wells Fargo Bank, N.A. v. United Servs. Auto. Ass'n,* No. IPR2019-01083, 2020 WL 6938004 (P.T.A.B. Nov. 24, 2020).

PNC responds that "[t]his case is completely different from cases like *Vicor*, 'where a panel simultaneously issue[d] opinions on the same technical issue between the same parties on the same record, and reache[d] opposite results without explanation.'" Appellee's Br. 43 (quoting *Vicor*, 869 F.3d at 1322) (cleaned up). Unlike *Vicor*, PNC contends that the "Board's decisions here and in [the] Wells Fargo [IPR] assessed different motivations to combine different references asserted by a different party on a different record." *Id.* (cleaned up). And, according to PNC, if a "direct conflict" between the Board's decision and the Wells Fargo IPR decision existed (which PNC denies), "affirmance is still warranted as long as the Board 'at least provide[d] some reasoned basis for its opposite holdings,'" which the Board here did. *Id.* at 44 (quoting *Vicor*, 869 F.3d at 1323).

In the Board's decision denying USAA's request for rehearing, the Board addressed USAA's argument that the Board failed to justify its departure from the Wells Fargo IPR panel's findings. The Board "not[ed] that the Wells Fargo [IPR] panel's findings were based on the particular technical features of prior art references not asserted in this proceeding." J.A. 161. And in its final written decision, the Board found that the Wells Fargo IPR "panel determined that adding pre-capture monitoring and auto-capturing features on Nepomniachtchi's[5] mobile device (per the teachings of Yoon[6]) would not have decreased computational burden on the mobile device, because Nepomniachtchi teaches correcting skew at the server, not the mobile device." *IPR2021-01073*, 2023 WL 317521, at *20. The Board here did "not understand the Wells

---

[5]   U.S. Patent No. 7,778,457 ("Nepomniachtchi"), J.A. 4428–64.

[6]   U.S. Patent App. Pub. No. 2007/0262148 ("Yoon"), J.A. 4313–20.

6  UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

Fargo IPR panel to have made general findings of teachings away that would be applicable to prior art references [Acharya and Luo] not asserted in that proceeding." *Id.* Additionally, in the Wells Fargo IPR, the "panel found that [p]atent [o]wner's evidence undermined the petitioner's argument on the particular facts of that proceeding, including the particular technical features of prior art references not asserted here." *Id.* Thus, the Board concluded that "the Wells Fargo IPR panel's findings [we]re of marginal relevance here." *Id.*

In its request for rehearing decision, the Board distinguished the Wells Fargo IPR panel's findings from its findings in *IPR2021-01070* and *IPR2021-01073*. "The Wells Fargo [IPR] panel found that the petitioner's admission that Nepomniachtchi's skew correction algorithm was computationally intensive was one factor undermining the petitioner's reduced computational burden theory." J.A. 161. And though the Board found that the Wells Fargo IPR "petitioner had failed to persuasively support its theory of reduced computational burden and, therefore, did not meet its burden," such "arguments and evidence particular to the Wells Fargo IPR and the findings based on those arguments and evidence are not general findings of teachings away that would be applicable to other prior art references, such as Acharya and Luo." J.A. 161–62.

We agree with the Board and thus reject USAA's argument that the Board erred in issuing inconsistent IPR decisions without rational explanation.

## II

Next, we consider USAA's argument that a skilled artisan would not have been motivated to combine Acharya and Luo. USAA argues that "an on-screen alignment guide . . . and add[ed] autocapture would increase computational burden, capture aligned images that could not be deposited, and fail to capture non-aligned images that could be deposited." Appellant's Br. 51 (emphasis omitted). USAA

contends, based on PNC's expert testimony (from a district court proceeding), that "a skilled artisan would not have viewed alignment as sufficient to ensure a usable check image; instead, identifying the correct 'monitoring criteria' and 'appropriate ranges' would have been 'extremely difficult.'" Appellant's Br. 54 (quoting J.A. 5850–51). And, according to USAA, "[g]iven how the proposed combination would have led to both overinclusive and underinclusive image capturing, a skilled artisan would not have been motivated to combine Acharya and Luo." Appellant's Br. 61.

Here, the Board found PNC's evidence of obviousness to be "particularly strong and straightforward." *IPR2021-01073*, 2023 WL 317521, at \*12–24. The Board found "the benefits of Luo's alignment guide and automatic capture to document capture, such as in Acharya, are not uncertain and, instead, are straightforward and expressly stated in Luo." *Id.* at \*24. The Board also found that "Luo expressly teaches automatic capture used in conjunction with reference lines, and describes the combined solution as one technique to reduce projective distortion in a captured image, resulting in more accurate optical character recognition." *Id.* at \*23. The Board determined that "even if the evidence suggested that manual capture had advantages over automatic capture (it does not), 'just because better alternatives exist in the prior art does not mean that an inferior combination is inapt for obviousness purposes.'" *Id.* (quoting *In re Mouttet*, 686 F.3d 1322, 1334 (Fed. Cir. 2012)). Additionally, the Board noted that the expert testimony that USAA relied upon was about enablement, not obviousness. The Board found "little, if any, relevance by the testimony of a person who is not a witness in [its] proceeding regarding an issue that [was] not present in [its] proceeding." *Id.* at \*28.

Thus, substantial evidence supports the Board's findings that a skilled artisan would have been motivated to combine Acharya and Luo.

CONCLUSION

We have considered USAA's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's determination that claims 1–6, 9, 10, 12, and 13 of the '571 patent and claims 1, 2, 7–10, and 15–17 of the '779 patent are unpatentable.

**AFFIRMED**